UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA MONTEROSA, an individual,<br><br>                     Plaintiff,<br>vs.<br><br>WELLS FARGO BANK, N.A., a form unknown; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, INC., form unknown; and DOES 1-10, inclusive,<br><br>                     Defendants. | CASE NO. 10CV1549-MMA (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 3] |

On July 8, 2010, Plaintiff Sophia Monteroso filed a civil action in the Superior Court of the State of California, County of San Diego, Central Division relating to real property located at 4570 Narragansett Avenue, San Diego, CA 92107. On July 26, 2010, Defendants removed the action to federal court. On August 2, 2010, Defendant Wells Fargo Bank, N.A. moved to dismiss the action under Rule 12(b)(6). (Doc. No. 3.) Thereafter, on August 6, 2010, Plaintiff filed an ex parte motion for temporary restraining order. (Doc. No. 5.) On August 9, 2010, the Court held a hearing and denied Plaintiff's motion. (Doc. No. 9.) The hearing for Defendant's motion to dismiss was scheduled for August 30, 2010. Accordingly, pursuant to Civil Local Rule 7.1(e), Plaintiff's opposition was due Monday, 16, 2010. Plaintiffs failed to file an opposition or otherwise seek an extension by which to respond to the motion. Noting that there was no opposition, the Court took the motion under submission without oral argument pursuant to Local Civil Rule 7.1(d)(1) on August 24, 2010. (Doc. No. 11.)

1    The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Defendants' motion on the basis of Plaintiff's failure to respond, and it chooses to do so. Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, a case cannot move forward toward resolution on the merits when the plaintiff fails to prosecute his or her case. Thus, this policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In addition, management of this Court's docket is of vital significance to the proper and timely resolution of matters before it. Consequently, the Court finds dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c) serves to facilitate the management of its docket in light of the fact that multiple cases similar to the one at bar are currently pending and poised in the same procedural posture. For the reasons set forth above, the Court **GRANTS** Defendant's unopposed motion and **DISMISSES** this action **without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is ordered to close the case file.[1]

**IT IS SO ORDERED**.

DATED: August 27, 2010

                                                Hon. Michael M. Anello
                                                United States District Judge

---

[1] On August 23, 2010, Defendant filed a reply in support of its motion to dismiss, indicating that shortly after the Court denied Plaintiff's motion for temporary restraining order, Plaintiff filed for relief in Chapter 13 bankruptcy. (*Def.'s Reply* at 2:10–13.) Because Plaintiffs have filed bankruptcy since the filing of this suit, Plaintiffs case has become part of the bankruptcy estate. *See Cobb v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 57937 (E.D. Cal. June 25, 2009); *Hernandez v. Downey Savings and Loan*, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. March 17, 2009). Accordingly, Plaintiff is no longer the "real party in interest" within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure, and she thus no longer has standing to litigate this case. Plaintiff's lack of standing provides a basis for dismissal of this action as well.